# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GEORGE STEVEN BRUCE and SHEILA BRUCE | § § § | |
| vs. | § § | CASE NO. 2:10-CV-204-DF-CE |
| NOMAC DRILLING LLC and CHESAPEAKE ENERGY CORPORATION | § § § | |

## MEMORANDUM OPINION AND ORDER

**I.     Background**

In May of 2010, Plaintiffs filed suit in state court to recover damages for injuries sustained by Steve Bruce[1] while working at a well operated by Defendants in the Northern District of Texas. In June of 2010, Defendants removed the action to federal court alleging diversity jurisdiction. Plaintiffs have not challenged the removal. In August of 2010, Defendants filed the present motion to transfer venue to the Northern District of Texas. (Dkt. No. 11). Plaintiffs responded in November of 2010. Defendants have not replied. For the reasons below, Defendants' motion to transfer is DENIED.

The parties agree that the events underlying Plaintiff's complaint occurred in the Northern District of Texas on a rig owned by Nomac Drilling, LLC ("Nomac"). However, at the time of his injury, the rig was being disassembled for transport to Louisiana. After the rig was disassembled and transported, the associated employees of Nomac, Chesapeake Energy Corporation ("Chesapeake"), and MultiShot were to follow the rig to Louisiana. When not working, many of these potential witnesses live in the Eastern District of Texas, Louisiana, and Mississippi. Plaintiffs and Mr. Bruce's treating physicians are located in Louisiana.

---

[1]     Steve Bruce was employed by MultiShot. MultiShot is not named as a defendant.

## II. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)). The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply when deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The Fifth Circuit ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than forum non conveniens dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." *Id.* at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the party seeking a transfer must show good cause why a court should not defer to the plaintiff's choice of forum. *Id.* at 315. Under the good cause standard, "when the transferee venue is not clearly more convenient, the plaintiff's choice should be respected." *Id.*

The Court reiterated that the relevant factors to be considered for a § 1404(a) motion are the same as those used for forum non conveniens dismissals, which include both public and private interest factors. *Id.* at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, Inc., 321 F.2d 53, 56 (5th Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)

("*Volkswagen I*")). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

### III.   Discussion

Defendants have failed to establish that the Northern District of Texas would be clearly more convenient under *Volkswagen II*. Although the incident underlying Plaintiffs' claim occurred in the Northern District of Texas, neither the work site nor any substantial number of witnesses remain there. Accordingly, Defendants' motion is DENIED.

#### A.   Threshold Requirement

As a threshold requirement, the party moving for transfer must establish that jurisdiction would have been proper in the proposed transferee venue before the relative convenience of the Plaintiff's chosen venue and the proposed transferee venue can be considered. *Volkswagen I*, 371 F.3d at 203. Plaintiffs do not dispute that jurisdiction would have been proper in the Northern District of Texas, and the agreed underlying facts support at least specific jurisdiction. Accordingly, Defendants meet their threshold burden for transfer under 28 U.S.C. § 1404(a).

#### B.   § 1404(a) Analysis

For the reasons below, Defendants have failed to show that the Northern District of Texas would be clearly more convenient than the Eastern District of Texas.

1. **Private Interest Factors**

   a. **Convenience for the Parties and Witnesses and the Cost of Attendance for Witnesses**

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204-5.

Defendants have not identified a single witness who would be closer to the Dallas Division of the Northern District of Texas than to the Marshall Division of the Eastern District of Texas. Defendants contend that some witnesses may be in Conroe, Texas, where MultiShot is located, which Defendants concede is approximately equidistant from Dallas and Marshall. Defendants also reason that some witnesses may be near Godley, Texas, in the Northern District where the incident occurred. Given the transient nature of Mr. Bruce's profession, and the undisputed fact that the workers at the site were disassembling the rig and moving it to Louisiana, there is little reason to believe that any workers at the site remain nearby. Plaintiffs and Mr. Bruce's treating physicians are located in Louisiana, significantly closer to Marshall than Dallas. The present venue is significantly more convenient for the parties and their identified witnesses. Accordingly, this factor weighs against transfer.

   b. **The Availability and Location of Sources of Proof**

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316.

Even in the age of electronic discovery, considerations of physical evidence remain meaningful in § 1404(a) analysis. *See id.*

The rig where the incident occurred, while in the Northern District of Texas at the time of the accident, has subsequently been moved to Louisiana. Plaintiffs, Mr. Bruce's treating physicians, and all associated documents are in Louisiana. Defendant Nomac has a large facility in Marshall, Texas where relevant evidence may be stored. MultiShot, Mr. Bruce's employer at the time of the incident, is headquartered in Conroe and likely maintains relevant evidence there. Defendants have not identified any sources of proof closer to Dallas than to Marshall. Accordingly, the Court concludes that this factor weighs against transfer.

          c.        **The Availability of Compulsory Process to Secure the Attendance of Witnesses**

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness' attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316. Neither party has identified a potentially unwilling third party witness with information relevant to facts at issue in this case.

Because neither party has identified a potentially unwilling witness, and neither party has identified any witnesses who live within 100 miles of the Dallas courthouse, this factor cannot weigh in favor of transfer. Plaintiffs have not identified any witnesses within 100 miles of the Marshall courthouse either. Accordingly, the Court concludes that this factor is neutral.

####  d. The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

### 2. Public Interest Factors

####  a. The Administrative Difficulties Caused by Court Congestion

To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved is a factor. Of the factors weighed to determine whether transfer would be proper, court congestion is the most speculative. Neither party argues this factor. Accordingly, the Court concludes that this factor is neutral.

####  b. The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Here, none of the operative facts occurred in the Eastern District. However, Nomac has a large facility and extensive operations in the Eastern District. The practices that led to the incident underlying Plaintiffs' claim are likely to be an issue affecting citizens of the Eastern District of Texas. Because both the Northern and Eastern Districts of Texas have a local interest in this action, the Court concludes that this factor is neutral.

### c. The Familiarity of the Forum with the Law that will Govern the Case

Both Plaintiff and Defendants concede that this factor is neutral.

### d. The Avoidance of Unnecessary Problems in Conflict of Laws

Both Plaintiff and Defendants agree that this factor is inapplicable to this case.

### e. Judicial Economy

Neither Plaintiff nor Defendants raised an argument concerning judicial economy. Accordingly, the Court finds this factor is neutral.

## V. Conclusion

For the reasons stated above, Defendants have satisfied their burden of showing that venue would be proper in the Northern District of Texas, but have not shown that a transfer would be clearly more convenient in this case. The Court concludes that the competing factors weigh against transfer. Accordingly, the Court DENIES Defendants' motion.

SIGNED this 24th day of February, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE